IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL OLSHEFSKI,
    Plaintiff,

v.

JEREMY BLANK, et al.,
    Defendants.

CIVIL ACTION NO. 3:16-cv-1227

(Mariani, J)
(Saporito, M.J.)

FILED
WILKES BARRE
JUL 1 3 2016
Per ___M.G.___

## MEMORANDUM

Plaintiff, Daniel Olshefski, an inmate currently confined at the Berks County Prison in Leesport, Pennsylvania initiated the instant civil rights action pursuant to 42 U.S.C. §1983. Presently pending before the court are plaintiff's motions to appoint counsel. (Docs. 6 and 14)[1]. For the following reasons, the motions will be denied without prejudice.

Although civil litigants have no constitutional or statutory right to appointment of counsel, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v.*

---

[1] Also pending before us are the plaintiff's motions for leave to proceed in forma pauperis. (Docs. 8 and 10). On July 5, 2016, we ordered the Warden to provide the court with a statement of the current balance in the plaintiff's inmate account. (Doc. 9). Upon our receipt and review thereof, we shall make appropriate rulings on those motions.

*Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. The complaint construed liberally appears to make out a claim for false arrest. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) The plaintiff's capacity to retain counsel on his or her own

>
> behalf;
>
> (5) the extent to which the case is likely to turn on credibility determinations; and
>
> (6) whether the case will require testimony from expert witnesses.

Id. (Citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. See *Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007). In *Tabron*, the court emphasized that volunteer lawyer time is extremely valuable and court should not appoint counsel indiscriminately. *Tabron*, 6 F.3d at 157.

Assuming *arguendo* that the amended complaint has merit, plaintiff fails to set forth sufficient circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 156-58. The plaintiff requests that we grant his motion for the following reasons: (1) he is without funds to afford counsel; (2) he has requested leave to proceed *in forma pauperis*; (3) his imprisonment limits his ability to litigate; (4) he has limited knowledge of the law; (5) a trial will likely involve conflicting testimony and therefore

counsel is better equipped to handle witness interrogation; and (6) he has made several attempts to obtain counsel but has been unsuccessful. (Docs. 6 and 14). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. In his complaint and amended complaint (Docs. 1 and 13), the plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. He makes reference to pertinent statutes. Furthermore, despite his incarceration, investigation of the facts is not beyond plaintiff's capabilities and he is familiar with the facts of this case. He has set forth the pertinent facts in separate numbered paragraphs.

It is also noted that this court does not have a large group of attorneys who would represent the plaintiff in this action in a *pro bono* capacity. Also, a court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Montgomery*, 294 F.3d at 500.

Based on the foregoing, it does not appear that plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972),

*Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under §1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ...even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of the plaintiff.

A separate Order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: July 13, 2016