IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL OLSHEFSKI, | : | CIVIL ACTION NO. **3:16-CV-1227** |
| Plaintiff | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Saporito) |
| JEREMY BLANK and GINA FELKER, | : | |
| Defendants | : | |

FILED
WILKES-BARRE
NOV 04 2016
Per____ ms

## REPORT AND RECOMMENDATION

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by plaintiff on June 20, 2016. Plaintiff is proceeding *pro se.*

Plaintiff's complaint and amended complaint (Docs. 1 and 13) are the subject of a motion to dismiss filed by defendant Blank on November 1, 2016. (Doc. 34). Defendant's motion is not yet ripe for disposition.

Summons as to defendant Felker was returned unexecuted by the United States Marshal on October 14, 2016. (Doc. 31). As a result, we issued an Order on October 17, 2016, directing plaintiff to provide the Court with more specific information as to defendant Felker so that service can be effected upon her. (Doc. 33).

On November 3, 2016, plaintiff filed with the Court a document entitled "Motion to Dismiss," wherein he states that "The Plaintiff Daniel Olshefski hereby respectfully requests the dismissal to the above mentioned civil action against bothe

(sic) defendants, Jeremy Blank and Gina Felker. Plaintiff has no way to locate a current address on defendant Gina Felker while he is in state prison." (Doc. 35).

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Based on the foregoing, it is respectfully recommended that the plaintiff's filing of November 3, 2016 **(Doc. 35)** be construed as a Notice of Dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure and that this case be dismissed without prejudice.

                                      */s/ Joseph F. Saporito, Jr.*
                                      **JOSEPH F. SAPORITO, JR.**
                                      **United States Magistrate Judge**

**Dated: November 4, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL OLSHEFSKI, | : | CIVIL ACTION NO. **3:16-CV-1227** |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| JEREMY BLANK and GINA FELKER, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November , 2016.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

        **s/ Joseph F. Saporito, Jr.**
        **JOSEPH F. SAPORITO, JR.**
        **United States Magistrate Judge**

**Dated: November   , 2016**